UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PARKER FREELAND, individually and on behalf of all others similarly situated, | ) ) ) |  |
| Plaintiff, | ) ) ) |  |
| vs. | ) ) | Civil Action No. 99-1002 (consolidated) (NKL) |
| IRIDIUM WORLD COMMUNICATIONS, LTD., et. al., | ) ) ) ) |  |
| Defendants. | ) ) |  |

**ORDER AND FINAL JUDGMENT
(UNDERWRITER DEFENDANTS SETTLEMENT)**

After close to a decade of litigation, the parties have settled all claims in this securities class action matter. Their settlement is embodied in three separate documents, including the "Stipulation and Agreement of Settlement Between Plaintiff Mandelbaum, the Sub-Class and the Underwriter Defendants" ("Underwriter Defendants Stipulation") (dated January 25, 2008).

By Order dated January 9, 2006, the Court certified a Class as well as a Sub-Class of plaintiffs, finding that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) were satisfied. A notice of the pendency of this Action as a class action, dated May 18, 2006, (the "Notice of Pendency") was previously disseminated to the Class Members by individual mail notices and by publication notice.

By Order dated July 21, 2008, the Court preliminarily approved the Underwriter Defendants Settlement and the requisite proposed notice to the Sub-Class; the Court set a fairness hearing for October 16, 2008. Copies of the Notice of Proposed Settlements, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice of Settlement"), substantially in

the form approved by the Court, were mailed to all Sub-Class Members that were reasonably identifiable. A summary notice of the hearing, substantially in the form approved by the Court, was published in the national edition of *The Wall Street Journal*.

The Court held a hearing on October 16, 2008, to determine, among other things: (1) whether the terms and conditions of the Underwriter Stipulation are fair, reasonable, and adequate for the settlement of the claims asserted by the Sub-Class against the Underwriter Defendants, including the release of the Underwriter Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of Underwriter Defendants against all persons or entities who are members of the Sub-Class who have not requested exclusion therefrom (the persons and entities who requested to be excluded pursuant to the Notice of Pendency are listed on Schedule 1 attached hereto); (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Sub-Class Members; (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses; and (5) whether and in what amount to award reimbursement to the Sub-Class representatives. With the exception of one individual who observed the hearing for a few minutes, only counsel for the parties and Court personnel were present in the courtroom at the hearing. The Court inquired whether anyone in addition to counsel would like to address the Court concerning the Action and received no response.

The Court has considered all matters submitted to it at the hearing and otherwise. All capitalized terms used herein have the meanings as set forth and defined in the Underwriter Defendants Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, Plaintiff Mandelbaum, all Sub-Class Members and the Underwriter Defendants.

2. Notice of the pendency of this Action as a class action, and of the proposed partial Settlement were given to all Sub-Class Members who could be identified with reasonable effort. The form and method of notifying the Sub-Class of the pendency of the action as a class action and of the terms and conditions of the proposed partial Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. This Action is appropriate for settlement. The Settlement with the Underwriter Defendants is approved as fair, reasonable, and adequate:

    (a) The settlement provides for a cash payment of $8.25 million for the benefit of the Sub-Class, to be distributed after payment of fees and expenses according to the Plan of Allocation.

    (b) The history of litigation of this Action demonstrates thorough examination of the relevant legal and factual issues at hand. The parties conducted substantial and contentious class, fact, and expert discovery. They have engaged in substantial motion practice,

including motions to dismiss, for class certification, to exclude experts, and for summary judgment; briefing on these motions was consistently thoroughly researched, reasoned, and argued.

    (c)  The legal issues in this matter are complex and, at times, unpredictable. The applicable law has developed substantially throughout the course of the litigation, making it necessary for the parties to reexamine their positions on the many legal issues presented by the case.

    (d)  The factual issues in this matter are complex. Several factual issues turn, quite literally, on an understanding of rocket science. The facts supporting both parties' arguments would be difficult to explain at trial.

    (e)  Despite over nine years of litigation, it remained uncertain how or when this matter would be resolved – as to both liability and damages – in Court, via jury trial or the appellate process.

    (f)  Further litigation would certainly carry with it additional, significant, expense to the detriment of any recovery the Sub-Class Members might have been awarded.

    (g)  Counsel for all parties are experienced and competent. Settlement is appropriate in their opinion.

    (h)  The settlement is the result of vigorous, arms-length negotiations between the parties through their counsel.

    (i)  The settlement is reasonable in relation to the strength of Plaintiff's case and the remaining uncertainties.

    (j)  The settlement has been well-received by the Sub-Class.  After notice of the settlement, no party or Sub-Class member filed an objection or appeared at the fairness hearing to object.

    (k)  The Sub-Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Underwriter Defendants Stipulation.

  4.  The Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Underwriter Defendants Stipulation, as against the Underwriter Defendants only.

  5.  Plaintiff Richard Mandelbaum and members of the Sub-Class, on behalf of themselves, their heirs, executors, administrators, successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all of the Released Claims against any and all of the Released Parties.  Released Parties does not include Motorola or the Individual Defendants.  The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

  6.  The Underwriter Defendants and the successors and assigns of any of them, are

hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all of the Underwriter Defendants' Claims against Plaintiff Mandelbaum, any of the Sub-Class Members or their attorneys. The Underwriter Defendants' Claims are hereby compromised, settled, released, discharged and dismissed as against Plaintiff Mandelbaum, any of the Sub-Class Members or their attorneys on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

7. (a) The Released Parties are hereby discharged from all claims, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the nature of indemnity or contribution, that arise out of or are in any way related to the allegations in the Action, whether such claims are asserted in the Action, in any state or federal court, or in any other court, arbitration or administrative proceeding, or any other forum in the United States or elsewhere, where the alleged injury to the claimant is the claimant's actual or threatened liability to the Sub-Class or a member of the Sub-Class ("Claims for Indemnity or Contribution"), to the fullest extent permitted by any applicable law or regulation. Accordingly, the Court hereby bars, enjoins and restrains all such Claims for Indemnity or Contribution: (i) against the Released Parties; and (ii) by the Released Parties against any person or entity (the "Bar Order").

(b) Any final verdict or judgment that may be obtained on the claims made in this Action by or on behalf of the Sub-Class or a member of the Sub-Class against Motorola, Staiano and/or Grant shall be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of the Underwriter Defendants for common damages; or (ii) the

amount paid by or on behalf of the Underwriter Defendants to the Sub-Class for common damages.

(c) Notwithstanding anything to the contrary in this Bar Order, the obligations to one another of the parties under the Agreements Among Underwriters governing the underwriting disputed in the Complaint remain unaffected, and are not released or discharged, and continue in full force and effect. Similarly, any contractual claims the Underwriter Defendants may have against non-parties to the Action are not affected, and are not released or discharged.

(d) If any provision of this Bar Order is subsequently held to be unenforceable, such provision shall be replaced with such other provision as may be necessary to afford all of the Released Parties the fullest protection permitted by law.

8. Neither this Order and Final Judgment, the Underwriter Defendants Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Underwriter Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Underwriter Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the

Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Underwriter Defendants;

      (b)    offered or received against the Underwriter Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Underwriter Defendant;

      (c)    offered or received against the Underwriter Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Underwriter Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Underwriter Defendants Stipulation; provided, however, that the Underwriter Defendants may refer to it to effectuate the liability protection granted them hereunder;

      (d)    construed against the Underwriter Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

      (e)    construed as or received in evidence as an admission, concession or presumption against Plaintiff Richard Mandelbaum or any of the Sub-Class Members that any of their claims are without merit, or that any defenses asserted by the Underwriter Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

9. The Plan of Allocation is approved as fair and reasonable.  It is recommended by counsel and there is an approximate correlation between the settlement distribution formula and the relative damages of the Sub-Class Members.  Plaintiffs' Counsel and the Claims Administrator are directed to administer the Settlement in accordance with its terms and provisions.

10. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

11. Plaintiffs' Counsel are hereby awarded one-third (33⅓%) of the Gross Underwriter Defendants Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $249,440.59 [which represents 0.1914 of Plaintiffs' Counsel's $1,303,242.38 expense total (the proportionate share of the $8.25 million Underwriter Defendants Settlement to the $43.1 million total recovery from the Individual Defendants, the Underwriter Defendants, and Motorola)] in reimbursement of expenses.  These expenses are documented; they are reasonable, especially in light of the complicated litigation history of this case.  The expenses shall be paid to Plaintiffs' Co-Lead Counsel from the Gross Underwriter Defendants Settlement Fund with interest from the date such Settlement Fund is funded to the date of payment at the same net rate that the Settlement Fund earns.  The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

12. Plaintiff Richard Mandelbaum is hereby awarded $1,914 [which represents 0.1914 of Mandelbaum's $10,000 reimbursement total]. Such award is for reimbursement of his reasonable costs and expenses (including lost wages) directly related to his representation of the Sub-Class.

13. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $8,250,000 in cash, and that numerous Sub-Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b) Over 42,000 copies of the Notice of Settlement were disseminated to putative Sub-Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in an amount of one-third (33-1/3%) of the Gross Settlement Funds and for reimbursement of their expenses in the approximate amount of $1.5 million, plus interest on such expenses at the same rate as may be earned by the Settlement Funds, and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice of Settlement;

(c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The action involves complex factual and legal issues and was actively prosecuted over eight years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Plaintiff and the Sub-Class may have recovered less or nothing from the Underwriter Defendants; and

(f) Plaintiffs' Counsel have devoted over 46,000 hours, with an approximate lodestar value of over $18 million (absent any multiplier), to litigate the Action, ultimately achieving this Settlement.

14. Exclusive jurisdiction is hereby retained over the parties and the Sub-Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Underwriter Defendants Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Sub-Class.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Underwriter Defendants Stipulation.

16. This consolidated Action has been pending since the first of the constituent actions were filed in 1999. The Underwriter Defendants Stipulation resolves all of the claims asserted by the Sub-Class against the Underwriter Defendants (no claims against the Underwriter Defendants were asserted by the Class) and, pursuant to the above Bar Order, all claims for

contribution or indemnity by or against the Released Parties, including the Underwriter Defendants, are (subject to ¶ 7(c)) prohibited.  The claims asserted against the Underwriter Defendants and now settled raise issues that are separable from the remaining claims of Plaintiffs and the Class and Plaintiff Mandelbaum and the Sub-Class against Motorola, Staiano and/or Grant.  Permitting the immediate appeal, if taken, of this Order and Final Judgment does not result in any duplication of review by an appellate court, because if an appellate court were to vacate the Underwriter Defendants Stipulation, then the parties may reasonably continue their prosecution or defense of the claims while this Court continues to preside over other related claims, without a waste of time or judicial resources.  If this Order and Final Judgment were not immediately appealable, once an appeal were ripe after the conclusion of the entire coordinated litigation, and if the appellate court vacated this Order and Final Judgment, then this Court would face re-trying the entire litigation as to the Underwriter Defendants, wasting judicial resources.

17. By reason of the finding in the previous paragraph, there is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure. None of the coordinated actions is dismissed in respect of claims against any person or entity other than the Underwriter Defendants.

Dated:      District of Columbia
            October 22, 2008

                                              s/ NANETTE K. LAUGHREY
                                              Honorable Nanette K. Laughrey
                                              UNITED STATES DISTRICT JUDGE