UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------x
:
PARKER FREELAND, individually and on behalf :
of all others similarly situated, :
: Civil Action No. 99-1002 (consolidated)
Plaintiff, : (NKL)
:
vs. :
:
IRIDIUM WORLD COMMUNICATIONS, LTD., :
et. al., :
:
Defendants. :
:
---------------------------------x



### ORDER Re: DISTRIBUTION OF CLASS SETTLEMENT FUNDS

**WHEREAS**, on October 22, 2008, this Court entered Orders and Final Judgments approving the terms of the Stipulation and Agreement of Settlement with Individual Defendants dated January 25, 2008, the Stipulation and Agreement of Settlement between Plaintiff Mandelbaum, the Sub-Class and the Underwriter Defendants dated January 25, 2008, and the Stipulation and Agreement of Settlement with Motorola dated June 30, 2008 (the "Stipulations"), and the Plan of Allocation; and

**WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulations and the Plan of Allocation; and

**WHEREAS**, this Court has retained jurisdiction of the above-captioned action (the "Action") for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlements and the processing of Proof of Claim and Release forms ("POCs") and the distribution of the Net Settlement Funds to the Authorized Claimants.

**NOW, THEREFORE**, upon reading and filing the Affidavit of Jason Zunea of The Garden City Group, Inc., the Claims Administrator, and the memorandum of law, and upon all prior proceedings herein and after due deliberation, it is hereby

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of Jason Zunea, including claims submitted after November 17, 2008 through and including August 6, 2009, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Affidavit of Jason Zunea be and the same hereby are approved, and said claims are hereby rejected; and it is further

**ORDERED**, that The Garden City Group, Inc. be paid the sum of $285,700.86 proportionately from the Settlement Funds for the balance of its fees and expenses incurred and to be incurred in connection with the services performed and to be performed in giving notice to the Class, preparing tax returns for the Settlement Funds, processing the POCs, and administering and distributing the Settlement Funds; and it is further

**ORDERED**, that the balances of the Motorola Defendants Settlement Funds, after the proportionate deduction of the fees and expenses previously awarded and allowed herein, shall be distributed to the Class Members whose claims have been accepted as set forth on the list of accepted claims submitted with the Zunea Affidavit in proportion to their respective Recognized Claims -- Motorola Settlement as shown therein, provided that pursuant to the Plan of Allocation payments to eligible claimants with respect to transactions in debt securities is limited to 5% of the Net Motorola Settlement Fund; and it is further

**ORDERED**, that the balances of the Individual Defendants Settlement Funds, after the proportionate deduction of the fees and expenses previously awarded and allowed herein, shall

be distributed to the Class Members whose claims have been accepted as set forth on the list of accepted claims submitted with the Zunea Affidavit in proportion to their respective Recognized Claims -- Individuals Settlement as shown therein; and it is further

**ORDERED**, that the balance of the Underwriter Defendants' Settlement Fund after the proportionate deduction of the fees and expenses previously awarded and allowed herein shall be distributed to the Sub-Class Members whose claims have been accepted as set forth on the list of accepted claims submitted with the Zunea Affidavit in proportion to their respective Sub-Class Recognized Claims as shown therein; and it is further

**ORDERED**, that the payments to be distributed to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its distribution within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue payments to such Authorized Claimants shall be payable from the unclaimed/un-cashed monies remaining in the respective Net Settlement Funds; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, if any funds remain in the Net Settlement Funds by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class or Sub-Class Members who are entitled to participate in the distributions of the Net Settlement Funds cash their distributions, any balance remaining in the Net Settlement Funds one (1) year after the initial distribution of such funds shall be re-distributed to Class and/or Sub-Class Members who have cashed their initial distributions and who would receive at least $10.00

from such re-distributions, after payment of any unpaid costs or fees incurred in administering the Net Settlement Funds for such re-distributions. If after six months after such re-distributions any funds shall remain in the Net Settlement Funds, then such balance(s) shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel, and approved by the Court after notice to counsel to the Defendants; and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the POCs submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds or the Net Settlement Funds are released and discharged from any and all claims arising out of such involvement, and all Class Members and Sub-Class members, whether or not they are to receive payment from the Net Settlement Funds are barred from making any further claim against the Net Settlement Funds or the released persons beyond the amount allocated to them pursuant to this Order, and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the POCs and supporting documents not less than one year after the initial distribution of the Net Settlement Funds to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Funds to the eligible claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

**ORDERED**, that no claim submitted, and no deficient claim corrected, after August 6, 2009 may be accepted for any reason whatsoever.

BY THE COURT:

Nanette K. Laughrey
United States District Judge

Dated: 9-21-09
District of Columbia